*37 In detinue upon a special verdict. The case was : a woman possessed of slaves devised to her during life, and after her death to another, marries and joins with her husband in a deed of mortgage of these slaves for ninety-nine years. The husband dies: this action is brought by the mortgagee against the wife for the recovery of the slaves.
Randolph for the defendant.
Slaves here are to be considered as chattels. Now the property of a chattel must be divided, so as that part of the property shall vest in one and part in another. But when a chattel is given to one for life with remainder over, the devisee for life has only the use, and the property vests in the remainder man. It is upon this distinction alone that remainders of chattels are allowed; for if the property vested in the first de-visee, the remainder over must be void, because the gift of a chattel for an hour, is a gift forever. That the wife here having only the use and no property, this use vested in the husband only during his life ; but he had no power of disposing, so as to conclude the wife after his death, though the disposition might be good during his life, and he cited 1. Inst. 351. a. where a difference is taken between a property and a bare possession; as where a woman has goods as bailee or executrix, this bare possession is not given to the husband by the marriage. He also cited Mor. 521, Thomson ». Butler, where the husband’s release of the wife’s annuity was no bar after his death; and mentioned the case.of Brown and Willis. April, 1731, in this court, which he said was in point. He said it would be a hard ease upon women, especially widows marrying second husbands, if they happen to survive: that it would be inconvenient too, since the slaves might be taken in execution for the husband’s debts, or sold by him to the prejudice of those in remainder. To which it was replied, that it was true in the language of our books, by the devise of a chattel for life with remainder over, that this distinction was kept up upon the ground of that old rule of law, the gift of a chattel for an hour is a gift forever. But in effect, the first devisee has a property during life, having all the marks of ownership, except that of selling absolutely. Whatever profits can be made are his. He may maintain tro-ver and even dispose during life ; and certainly this is something more than a bare possesion, which is the case, 1. Inst. 351. and so nothing like this. The use here is coupled with the interest, and wherever there is an interest diere must be some degree of property ; for what is a property hut a power of disposing and using, which a devisee of a chattel for life has during life? Certainly then as such devisee has a qualified property, no one will dispute but he may sell during life. Marriage is an alienation, a gift in law, equivalent to an alienation in fact.* It is agreed, the slaves here vested in the husband during life. If they vested at all, they must, for the whole interest the wife had in them, being all transferred by the marriage. It is absurd to talk of the hardships .upon women, unless it be a hardship that any tiling should vest in the husband by the marriage. Is it harder that a lesser interest should vest, than that a greater should ? The argument from inconvenience is full as ridiculous, since chattels so taken, may as well be taken for the wife’s debts as for the debts of the husband, or sold by her in prejudice of the remainder man. It may be an argument against állowing such devises at all, but is none against the husband’s right in such a case.
Judgment for the defendant, per totam curiam pneter Light-foot and Tayloe.
A like case between Clemonts and Walker, was argued in April, 1739, and the same judgment given by Randolph, Grymes, Carter, Digges and the Governor. Custis and Robinson, contra.
Reported by Edward Barradall, Eaq.